## AMES *vs.* HARPER and GAGE.

Where, in an action of ejectment it appears from the complaint that the relation of landlord and tenant exists between the defendants, and they omit to set up the misjoinder, in their answer, it is too late on the trial to successfully raise that question. It will be presumed, in such a case, that the landlord intended to waive that objection, and elected to remain a party defendant in the action.

The plaintiff claimed title under a deed from C. to him, purporting to convey the premises in question, and then proved by R. that he (R.) hired the premises of one S., who assumed to let the same as the agent of C. and that he had paid the rent to S. There was no evidence that either C. or the plaintiff ever occupied the premises, or that either of the defendants entered under C. or the plaintiff, or in any manner recognized their right to the premises. *Held* that the bare assertion of R. that S. assumed to rent the premises to him, as the agent of C. was inadmissible as against the defendants, and proved nothing against them; and that the plaintiff had failed to establish a cause of action.

THIS is an appeal from a judgment rendered in favor of the plaintiff upon the report of a referee. The action was brought to recover the possession of lot No. 35, Franklin street, in the city of Albany. The material facts are stated in the following opinion.

*A. Brigham,* for the appellants.

*O. Meads,* for the respondent.

*By the Court,* INGALLS, J.   The complaint alleges that the defendant Gage was in the actual possession of the premises as the tenant of the defendant Harper.   The defendants, in their answer, admit such occupation by Gage, as the tenant of Harper, and deny each and every other allegation of the complaint.   They also allege that Harper was the owner in fee, and lawfully possessed of the said premises.   The appellants insist that Harper was improperly joined as defendant, he not being in the actual possession of said premises, and that the referee erred in refusing to dismiss the complaint, as to him. We are of opinion that, as by the complaint it appeared that the relation of landlord and tenant existed between him and Gage, and the defendants omitted to set up in their answer such misjoinder, it was too late on the trial to successfully raise that question.   It must be assumed that Harper intended to waive that objection, and elected to remain a party defendant in said action.   The precise question was thus decided by this court, at the September general term, 1866, in the case of *Garrett Abeel* v. *Peter Van Gelder* and *Ezra Shoemaker ;* see also *Fosgate* v. *Herkimer Man. Co.* (12 *N. Y. Rep.* 580.)   In *Pulen* v. *Reynolds,* (22 *How.* 355,) Allen, J. referring to the case above cited, (12 *N. Y. Rep.* 580,) remarks : " The misjoinder was treated as waived by the answer of the landlord, and the appearance of the landlord, without objection, *was equivalent to an election to be made a party under the statutes.*"

It was the duty of Harper, when he was apprised by the complaint that he was made a party *because he was the landlord,* to have set up in his answer the misjoinder, instead of expressly admitting the relation and proceeding to trial upon the issue thus formed.

The appellants further insist, that the plaintiff should have been nonsuited for failure to show that he had title or a right to the possession of the premises, and we are of opinion that, in this, the defendants are correct.   The plaintiff gave in evidence a deed, executed by Ezra Crane and wife, to him,

April 16, 1859, purporting to convey the premises in question, and then proved by one Reed that he hired the premises of one Stocker, *who assumed to let the same as the agent of Crane.* This evidence was objected to by the defendant's counsel. Reed further testified, that he paid the rent to Stocker, who is dead. There is no evidence that either Crane or the plaintiff ever occupied the premises, or that either of the defendants entered under Crane or the plaintiff, or in any manner recognized their right to the premises. Harper claimed title from the tax sale, and Gage defended as the tenant of Harper. The only evidence of possession, or the right to such possession, by the plaintiff or Crane, rests upon the bare assertion of Reed, that Stocker assumed to rent the premises to Reed as the agent of Crane. This evidence was inadmissible as against the defendants, and when admitted proved nothing against them. This evidence would probably have concluded Reed, but not the defendants, who are in no manner connected with either Crane, Reed or the plaintiffs, but, on the contrary, claim under the tax sale, and in direct hostility to the plaintiff. The plaintiff, therefore, failed to establish a cause of action against either of the defendants. This result renders it unnecessary to pass upon the validity of the tax sale.

A new trial should be had, with costs to abide the event.

[ALBANY GENERAL TERM, September 17, 1866. *Miller, Ingalls* and *Hogeboom,* Justices.]